IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Pamela H.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:24-cv-00025 |
| v. | ) |
| | ) Honorable Beth W. Jantz |
| MICHELLE KING, | ) |
| Acting Commissioner of Social Security,[2] | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Pamela H.'s application for disability and disability insurance benefits ("DIB"). The Parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. §636(c). For the reasons that follow, Plaintiff's Motion to Reverse the Decision of the Commissioner of Social Security (dkt. 16) is GRANTED and the Commissioner's Motion for Summary Judgment (dkt. 20) is DENIED. The Commissioner's decision is reversed, and this matter is remanded for further proceedings, consistent with this Memorandum Opinion and Order.

---

[1] In accordance with Internal Operating Procedure 22, Privacy in Social Security Opinions, the Court refers to Plaintiff by her first name and the first initial of her last name.
[2] Pursuant to Federal Rule of Civil Procedure 25(d), Michelle King has been substituted for her predecessor.

I.     Background

On September 23, 2021, Plaintiff filed a Title II application for disability and DIB, alleging disability beginning December 4, 2019. R. 17. Plaintiff's claim was denied initially on February 28, 2022, and upon reconsideration on September 23, 2022. *Id.* A hearing was held before an Administrative Law Judge ("ALJ") on March 21, 2023. R. 36-61. The ALJ denied Plaintiff's claim on May 26, 2023. R. 14-35. The Appeals Council denied Plaintiff's request for review on November 3, 2023, R. 1-6, making the ALJ's decision the final decision of the Commissioner, reviewable by the District Court under 42 U.S.C. §405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

The ALJ's opinion followed the five-step analytical process required by 20 C.F.R. §404.1520. R. 19-29. The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of December 4, 2019, through her date last insured of December 31, 2021. R. 19. At step two, the ALJ found that Plaintiff had the following severe impairments: "diabetes mellitus, type 2, status post release carpal tunnel, bilateral, release guyons canal, left, and bipolar disorder." R. 19-20. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, did not meet or medically equal one of the Social Security Administration's listings of impairments. R. 20-22. Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work except that: "[s]he could frequently push/pull with the bilateral upper extremities. She could not climb ladders, ropes, or scaffolds. She could occasionally handle/finger bilaterally. She could occasionally feel with the bilateral hands. She had to avoid unprotected heights. She could not perform production rate or pace work such as assembly line work. She could respond appropriately to occasional changes in a routine work setting." R. 22-28. At step four, the ALJ

found that Plaintiff could perform past relevant work as an inspector in water pollution control. R. 28. At step five, the ALJ found that there were also jobs that existed in significant numbers in the national economy that Plaintiff could perform. R. 28-29. The ALJ then concluded that Plaintiff was not disabled under the Social Security Act. R. 29-30.

## II. Standard of Review

The Court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence. *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024). Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Biestek v. Berryhill*, 587 U.S. 97, 102, 139 S. Ct. 1148, 1154, 203 L.Ed.2d 504 (2019)). "In addition to relying on substantial evidence, the ALJ must also explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Scrogham v. Colvin*, 765 F.3d 685, 695 (7th Cir. 2014). While reviewing the Commissioner's decision, the Court "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell*, 97 F.4th at 1052-53 (quoting *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021)). On the other hand, the Court cannot let the Commissioner's decision stand if the decision lacks sufficient evidentiary support, an adequate discussion of the issues, or is undermined by legal error. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003); *see also*, 42 U.S.C.§ 405(g).

## III. Discussion

Plaintiff makes three arguments challenging the ALJ's decision: (1) the ALJ erred in assessing Plaintiff's RFC; (2) the ALJ erred in weighing medical opinion evidence; and (3) the

3

ALJ erred in evaluating Plaintiff's subjective allegations regarding the intensity, persistence, and limiting effects of Plaintiff's pain and symptoms. Dkt. 16; dkt. 22. After reviewing the record (dkt. 12) and the briefs (dkt. 16; dkt. 21; dkt. 22) submitted by the Parties, even under the deferential standard of review, this Court concludes that the ALJ erred in her RFC assessment, by failing to analyze Plaintiff's sleep impairment and related limitations. Because this failure alone warrants remand, the Court need not reach Plaintiff's additional arguments.

A claimant's RFC is the maximum she can do despite her limitations. 20 C.F.R. §404.1545(a)(1); SSR 96–8p, 1996 WL 374184, at *1 (July 2, 1996). The RFC must be based on all relevant evidence in the record. 20 C.F.R. §404.1545(a)(3); SSR 96–8p, 1996 WL 374184, at *5. The ALJ must consider all medically determinable impairments, even those that are not considered severe, when determining the RFC. *Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008). It is required that "[b]oth the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate **all** of the claimant's limitations supported by the medical record." *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014) (emphasis added). That includes fatigue-related limitations. *See Myles v. Astrue*, 582 F.3d 672, 676–77 (7th Cir. 2009) ("[Plaintiff] also argues that the ALJ did not analyze her claims of fatigue and hand limitations in his opinion, as he was required to do. The ALJ acknowledged these complaints, but his analysis does not articulate his reasons for rejecting them, except to say there is no objective medical evidence to support them…Thus, the ALJ erred in rejecting these claims as well.") (internal citations omitted); *Dianne O. v. Kijakazi*, No. 21 C 2348, 2023 WL 3864589, at *3 (N.D. Ill. June 7, 2023) ("[B]ut this discussion does not explain why the ALJ did not believe that any limitations were warranted to account for Plaintiff's mental conditions and fatigue."). Additionally, ALJs are not permitted to ignore an entire line of evidence that is contrary to their ruling. *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003). Here,

the ALJ failed to explain how (or even if) she assessed Plaintiff's fatigue-related limitations in determining Plaintiff's RFC, despite record evidence that Plaintiff may have required such limitations, as follows.

The Court notes the following record evidence that supports fatigue-related limitations: Plaintiff alleged insomnia in her disability function report. R. 205. At the hearing, Plaintiff testified to problems with sleeping, including falling asleep while in the office and requiring her coworkers to help her stay awake. R. 46. The record contains multiple occasions of Plaintiff reporting sleep-related issues to her providers. *See* R. 350 (reporting trouble falling asleep every night due to pain and that she awakens from pain every night); R. 364 (reporting trouble falling asleep most nights and that she awakens from pain every night); R. 415 (reporting severe difficulty sleeping due to pain). She was psychiatrically hospitalized twice, with reduced sleep and lethargy being noted as part of the reason for her admissions. R 833 (noting reduced sleep as one of the reasons for admission); R. 905 (noting lethargy upon arrival as one of the reasons for admission). During one of her hospitalizations, Plaintiff was observed on three separate nights as having slept poorly. R. 857 ("Pt has been up for the whole night."); R. 856 ("Patient was sleeping on and off; stayed up after 5 AM. Patient has spent time pacing halls."); R. 854 ("Slept poorly during the night."). Plaintiff's occupational therapist also observed her falling asleep during multiple appointments. R. 444 ("Plaintiff is noted to fall asleep on numerous occasions during her therapy session, even during active assisted movements."); R. 450 ("[T]he patient continues to report not sleeping well at night and will easily doze off when finished with her activity in the clinic."); R. 454 ("[T]he patient was observed falling asleep on a number of occasions over the course of her treatment session today.").

Despite this evidence, the ALJ's only acknowledgment of Plaintiff's sleep impairment was in her summary; she noted that Plaintiff alleged insomnia in a function report and had "sleep problems" during one of her hospitalizations. R. 23 (citing R. 205); R. 24 (citing R. 833). While summaries are appropriate to include in an ALJ's decision, a summary without analysis does not provide the Court with any indication of what evidence or reports the ALJ relied on (or not) to make her RFC determination. *Theresa M. v. Kijakazi*, No. 20 CV 481, 2022 WL 4552093, at *4 (N.D. Ill. Sept. 29, 2022) ("Rather than explain why the medical evidence he had just discussed supported the limitations in the RFC, the ALJ merely summarized the evidence without meaningfully evaluating it or describing how it supported the RFC determination. The Court is therefore unable to determine whether substantial evidence supports the RFC determination."); *Perry v. Colvin*, 945 F. Supp. 2d 949, 965 (N.D. Ill. 2013) ("[T]he act of summarizing the evidence is not the equivalent of providing an analysis of the evidence."). The brief mention of Plaintiff's sleep impairment does not reflect whether the ALJ conducted an analysis of any related limitations. Without that analysis, the Court cannot tell whether the ALJ considered those limitations such that they were included in the RFC analysis and hypothetical posed to the VE, as was required.[3] *See Yurt*, 758 F.3d at 857. Additionally, given the ALJ's failure to mention most of the significant evidence of Plaintiff's sleep impairment, and her failure to analyze any of it, it appears to the Court that the ALJ ignored an entire line of evidence contrary to her ruling. This is not permitted. *See Golembiewski*, 322 F.3d at 917.

---

[3] The Court notes that it is not saying that the ALJ necessarily was required to include further limitations in the RFC for Plaintiff's sleep problems; rather, only that the ALJ was required to at least minimally articulate her analysis of Plaintiff's limitations supported by the record and include them in the RFC analysis and hypothetical.

Defendant argues that the ALJ "reasonably found the medical evidence was a better reflection of plaintiff's functional abilities than her subjective complaints," and points out that the ALJ noted that Plaintiff appeared alert at three medical visits. Dkt. 21 at 5-6 (citing R. 21, 24). However, the ALJ did not do so in the context of discussing Plaintiff's sleep impairment, but instead, in the context of assessing Plaintiff's ability to understand, remember, and apply information, and in summarizing her medical records. R. 21, 24. Even if the ALJ relied on Plaintiff's alertness to find that no further fatigue-related limitations were required, she offered no explanation of why three instances of alertness were inconsistent with Plaintiff needing such limitations. *See Lanzi-Bland v. Berryhill*, No. 16 C 8856, 2017 WL 4797529, at *7 (N.D. Ill. Oct. 24, 2017) ("Moreover, the ALJ offered no explanation as to how notations that Claimant was alert or in no acute distress at a doctor's appointment undermined Claimant's statements and testimony that she was fatigued and required daily naps."). And even if the Court assumed that the ALJ relied on Plaintiff's alertness, as explained above, it appears that the ALJ ignored significant evidence to the contrary.

This Court concludes that the ALJ erred in her RFC assessment by failing to analyze Plaintiff's sleep impairment and possible related limitations. Thus, the Court cannot say that the ALJ's decision is supported by substantial evidence, as is required. *See Warnell*, 97 F.4th at 1052.

### IV. CONCLUSION

Plaintiff's Brief in Support of her Motion to Reverse the Decision of the Commissioner of Social Security (dkt. 16) is GRANTED and the Commissioner's Motion for Summary Judgment (dkt. 20) is DENIED. The Commissioner's decision is reversed, and this matter is remanded for further proceedings, consistent with this Memorandum Opinion and Order.

**SO ORDERED.**

Date: 1/27/25

_____
BETH W. JANTZ
United States Magistrate Judge